Clifford P. Bendau, II (030204)
THE BENDAU LAW FIRM PLLC
P.O. Box 97066
Phoenix, AZ 85060
Telephone: (480) 382-5176
Facsimile: (602) 956-1409
Email: cliffordbendau@bendaulaw.com
Attorney for Plaintiffs

THE BENDAU LAW FIRM PLLC
P.O. Box 97066
Phoenix, AZ 85060

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Carie Kahn and Tisha Clark, | No. _____ |
| Plaintiff, | |
| vs. | **COMPLAINT** |
| | **(Demand for Jury Trial)** |
| Fat Willy's Greenfield, LLC, Fat Willy's Sunland, LLC, Fat Willy's University, LLC Jason Kafcas, and Christopher Gelenites | |
| Defendants, | |

COMES NOW Plaintiffs, Carie Kahn and Tisha Clark (collectively "Plaintiffs"), individually, by and through the undersigned attorney and sues the Defendants, Fat Willy's Greenfield, LLC, Fat Willy's Sunland, LLC, Fat Willy's University, LLC (collectively "Defendants Fat Willy's"), Jason Kafcas, and Christopher Gelenites (collectively "Defendants") and they allege as follows:

**PRELIMINARY STATEMENT**

1.     This is an action for unpaid wages, liquidated damages, attorneys' fees, costs, and interest under the Fair Labor Standards Act ("FLSA"), as amended, 29 U.S.C. § 216(b).

2.     The FLSA was enacted "to protect all covered workers from substandard wages and oppressive working hours." Barrentine v. Ark Best Freight Sys. Inc., 450 U.S. 728,

739 (1981). Under the FLSA, employers must pay all non-exempt employees a minimum wage of pay for all time spent working during their regular 40 hour workweeks. See 29 U.S.C. § 206(a). The FLSA's definition of the term "wage," in turn, recognizes that under certain circumstances, an employer of tipped employees may credit a portion of its employees' tips against its minimum wage obligation, a practice commonly referred to as taking a "tip credit." See id. § 203(m). The FLSA further recognizes that, under certain circumstances, an employee may be engaged in "dual jobs," during which an employer may only impose a tip credit on an employee's wages for time spent working while engaged in a tip-producing occupation, or a non-tipped occupation under circumstances in which a tipped employee must perform non-tipped labor in excess of 20 percent of his or her regular workweek. See 29 U.S.C. § 203(m). See also 29 C.F.R. § 531.56(e), Department of Labor Field Operations Handbook § 30d00(e).

3.     The Arizona Wage Act, and Arizona Revised Statutes ("ARS") § 23-363, establishes a minimum wage within the State of Arizona. ARS § 23-363 recognizes that, under certain circumstances, employers may impose a tip credit of the wages of their tipped employees of up to $3.00 per hour. See ARS § 23-363(c).

## JURISDICTION AND VENUE

4.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 201, *et seq.* because this civil action arises under the Constitution and law of the United States. This Court also has subject matter jurisdiction pursuant 28 U.S.C. § 1367 because the state law claims asserted herein are so related to claims in this action over which

THE BENDAU LAW FIRM PLLC
P.O. Box 97066
Phoenix, AZ 85060

-2-

this Court has subject matter jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

5.     Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(ii) because acts giving rise to the claims of Plaintiff occurred within the District of Arizona, and Defendants regularly conduct business in and have engaged in the wrongful conduct alleged herein – and, thus, are subject to personal jurisdiction in – this judicial district.

## PARTIES

6.     At all material times, Plaintiffs are individuals residing in Maricopa County, Arizona, and are former employees of Defendants.

7.     At all material times, Defendant Fat Willy's Greenfield, LLC was a limited liability company duly licensed to transact business in the State of Arizona. Defendant does business, has offices, and/or maintains agents for the transaction of its customary business in Maricopa County, Arizona.

8.     At all relevant times, Plaintiffs were employees of Defendant Fat Willy's Greenfield, LLC. At all relevant times, Defendant Fat Willy's Greenfield, LLC, acting through its agents, representatives, employees, managers, members, and/or other representatives had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiffs' employment with Defendant Fat Willy's Greenfield, LLC. In any event, at all relevant times, Defendant Fat Willy's Greenfield, LLC was an employer subject to the Fair Labor Standards Act (FLSA) and employed Plaintiffs.

THE BENDAU LAW FIRM PLLC
P.O. Box 97066
Phoenix, AZ 85060

-3-

THE BENDAU LAW FIRM PLLC
P.O. Box 97066
Phoenix, AZ 85060

9.      At all material times, Defendant Fat Willy's Sunland, LLC was a limited liability company duly licensed to transact business in the State of Arizona. Defendant does business, has offices, and/or maintains agents for the transaction of its customary business in Maricopa County, Arizona.

10.      At all relevant times, Plaintiffs were employees of Defendant Fat Willy's Sunland, LLC. At all relevant times, Defendant Fat Willy's Sunland, LLC, acting through its agents, representatives, employees, managers, members, and/or other representatives had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiffs' employment with Defendant Fat Willy's Sunland, LLC. In any event, at all relevant times, Defendant Fat Willy's Sunland, LLC was an employer subject to the Fair Labor Standards Act (FLSA) and employed Plaintiffs.

11.      At all material times, Defendant Fat Willy's University, LLC was a limited liability company duly licensed to transact business in the State of Arizona. Defendant does business, has offices, and/or maintains agents for the transaction of its customary business in Maricopa County, Arizona.

12.      At all relevant times, Plaintiffs were employees of Defendant Fat Willy's University, LLC. At all relevant times, Defendant Fat Willy's University, LLC, acting through its agents, representatives, employees, managers, members, and/or other representatives had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiffs' employment with Defendant Fat Willy's

University, LLC. In any event, at all relevant times, Defendant Fat Willy's University, LLC was an employer subject to the Fair Labor Standards Act (FLSA) and employed Plaintiffs.

13.     At all relevant times, Defendant Jason Kafcas owns, operates as a manager of, operates as a member of, and/or possesses a similar interest in Defendants Fat Willy's. At all relevant times, Defendant Jason Kafcas had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiffs' employment with Defendants Fat Willy's. In any event, at all relevant times, Defendant Jason Kafcas was an employer subject to the FLSA and employed Plaintiffs.

14.     Upon information and belief, Defendant Jason Kafcas was and continues to be a resident of Maricopa County, Arizona.

15.     Jane Doe Kafcas is the fictitious name for Defendant Jason Kafcas' spouse. When Jane Doe Kafcas' true name has been ascertained, this Complaint shall be amended accordingly. Jason Kafcas and Jane Doe Kafcas have caused events to take place giving rise to this Complaint to which their marital community is fully liable.

16.     At all relevant times, Defendant Christopher Gelenites owns, operates as a manager of, operates as a member of, and/or possesses a similar interest in Defendants Fat Willy's. At all relevant times, Defendant Christopher Gelenites had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiffs' Employment with Defendants Fat Willy's. In any event, at all

THE BENDAU LAW FIRM PLLC
P.O. Box 97066
Phoenix, AZ 85060

-5-

relevant times, Defendant Christopher Gelenites was an employer subject to the FLSA and employed Plaintiffs.

17.    Upon information and belief, Defendant Christopher Gelenites was and continues to be a resident of Maricopa County, Arizona.

18.    Jane Doe Gelenites is the fictitious name for Defendant Christopher Gelenites' spouse. When Jane Doe Gelenites' true name has been ascertained, this Complaint shall be amended accordingly. Christopher Gelenites and Jane Doe Gelenites have caused events to take place giving rise to this Complaint to which their marital community is fully liable.

19.    At all relevant times, Plaintiffs were "employees" of Fat Willy's Greenfield, LLC, Fat Willy's Sunland, LLC, Fat Willy's University, LLC, Jason Kafcas, and Christopher Gelenites as defined by the FLSA, 29 U.S.C. § 201, *et seq.*

20.    The provisions set forth in the FLSA, 29 U.S.C. § 201, *et seq.*, apply to Fat Willy's Greenfield, LLC, Fat Willy's Sunland, LLC, Fat Willy's University, LLC, Jason Kafcas, and Christopher Gelenites.

21.    At all relevant times, Fat Willy's Greenfield, LLC, Fat Willy's Sunland, LLC, Fat Willy's University, LLC, Jason Kafcas, and Christopher Gelenites were and continue to be "employers" as defined by FLSA, 29 U.S.C. § 201, *et seq.*

22.    Defendants individually and/or through an enterprise or agent, directed and exercised control over Plaintiffs' work and wages at all relevant times.

23.    Plaintiffs, in their work for Defendants, were employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000.

## NATURE OF THE CLAIM

24.     Defendants own and/or operates as Fat Willy's Greenfield, LLC, Fat Willy's Sunland, LLC, and Fat Willy's University, LLC, enterprises located in Maricopa County, Arizona.

25.     Plaintiff Carie Kahn was hired by Defendants to work as a server, and Plaintiff worked for Defendants between approximately October 1, 2011 and April 30, 2014, when Plaintiff left her employment with Defendants.

26.     Plaintiff Tisha Clark was hired by Defendants to work as a server and bartender, and Plaintiff worked for Defendants between approximately October 1, 2013 and November 27, 2015, when Plaintiff left her employment with Defendants.

27.     Rather than pay their tipped employees the applicable minimum wage, for the time Plaintiffs were paid as tipped employees, Defendants imposed a tip credit upon Plaintiffs at below the applicable minimum wage.

28.     As a result of Defendants' imposition of a tip credit, Plaintiffs were forced to perform work at an hourly rate that was less than the applicable minimum wage.

29.     Defendants engaged in the regular practice of requiring Plaintiffs to perform a substantial amount of non-tipped labor related to their tipped occupation in excess of 20% of their regular workweeks and non-tipped labor unrelated to their tipped occupation over the course of their regular workweeks.

30.     Examples of non-tipped labor related to Plaintiffs' tipped occupation that exceeded 20% of Plaintiffs' regular workweek, include, but are not limited to: preparatory and workplace maintenance tasks such as brewing tea, brewing coffee, rolling silverware,

cleaning soft drink dispensers, wiping down tables, setting tables, busing tables, cutting and stocking fruit, stocking ice, taking out trash, scrubbing walls, sweeping floors, restocking to-go supplies, cleaning booths, cleaning ramekins, sweeping, mopping, restocking all stations, washing dishes, and breaking down and cleaning the expo line.

31.     Examples of non-tipped labor unrelated to Plaintiffs' tipped occupation that Plaintiffs performed during their regular workweeks, include, but are not limited to: preparatory and workplace maintenance tasks such as taking out trash, scrubbing walls, sweeping floors, cleaning booths, sweeping, mopping, washing dishes, breaking down and cleaning the expo line, restocking restrooms, and cleaning toilets, urinals, and restroom floors.

32.     As a result of Defendants' willful requirement that Plaintiffs perform a substantial amount of non-tipped labor related to their tipped occupation in excess of 20% of their regular workweeks and non-tipped labor unrelated to their tipped occupation over the course of their regular workweeks, Defendants paid Plaintiffs less than the overall minimum wage for such work that Plaintiffs performed for Defendants, such that the average of Plaintiffs' hourly wages was less than the applicable minimum wage.

33.     In both policy and practice, Defendants regularly and consistently required Plaintiffs to perform the above-listed non-tipped labor related to their tipped occupation in excess of twenty percent (20%) of Plaintiffs' regular workweek before, during, and after scheduled shifts; before the restaurant was open to customers; after the restaurant was closed to customers; while Plaintiffs had few to no customers to serve; before serving their first customers; and after being "cut" from serving customers.

THE BENDAU LAW FIRM PLLC
P.O. Box 97066
Phoenix, AZ 85060

34.     In both policy and practice, Defendants regularly and consistently required Plaintiffs to perform the above-listed non-tipped labor unrelated to their tipped occupation during the course of Plaintiffs' regular workweek before, during, and after scheduled shifts; before the restaurant was open to customers; after the restaurant was closed to customers; while Plaintiffs had few to no customers to serve; before serving their first customers; and after being "cut" from serving customers.

35.     As a result of Defendants' requirement that Plaintiffs perform such non-tipped labor related to their tipped occupation, and in excess of twenty percent (20%) of their regular workweek, while earning the reduced tip credit rate, Plaintiffs were engaged in a non-tipped occupation, as defined by the "dual jobs" regulation 29 C.F.R. §§ 531.56(e) and (a) and the Department of Labor Field Operations Handbook §30d00(e), for such work performed during that time. Such work performed by Plaintiffs included, but was not limited to, spending more than part of their time cleaning and setting tables and making coffee, and more than occasionally washing dishes or glasses. As a result, Defendants were prohibited from taking the tip credit for the hours Plaintiffs spent working in a non-tipped occupation. Plaintiffs are, therefore, entitled, under 29 C.F.R. § 531.56(a) and 29 U.S.C. § 216(b), to the overall minimum wage for all time spent performing such non-tipped, dual occupation labor. As such, Defendants paid Plaintiffs less than the overall minimum wage for the work Plaintiffs performed during their regular workweek, in willful violation of the FLSA, 29 U.S.C. § 206(a).

36.     As a result of Defendants' requirement that Plaintiffs perform such non-tipped labor unrelated to their tipped occupation, while earning the reduced tip credit rate,

THE BENDAU LAW FIRM PLLC
P.O. Box 97066
Phoenix, AZ 85060

Plaintiffs were engaged in a non-tipped occupation, as defined by the "dual jobs" regulation 29 C.F.R. §§ 531.56(e) and (a) and the Department of Labor Field Operations Handbook §30d00(e), for such work performed during that time. Such work performed by Plaintiffs included, but was not limited to, spending more than part of their time cleaning and setting tables and making coffee, and more than occasionally washing dishes or glasses. As a result, Defendants were prohibited from taking the tip credit for the hours Plaintiffs spent working in their non-tipped occupation. Plaintiffs are, therefore, entitled, under 29 C.F.R. § 531.56(a), to the overall minimum wage for all time spent performing such non-tipped, dual occupation labor. As such, Defendants paid Plaintiffs less than the overall minimum wage for the work Plaintiffs performed during their regular workweek, in willful violation of the FLSA, 29 U.S.C. § 206(a).

37.    As a result of Defendants' willful failure to compensate Plaintiffs the applicable minimum wage for such hours worked, Defendants have violated 29 U.S.C. § 206(a).

38.    Defendants knew that – or acted with reckless disregard as to whether – its failure to pay to Plaintiffs the full applicable minimum wage, without applying the tip credit, for time spent performing labor in such a non-tipped occupation, would violate federal and state law, and Defendants were aware of the FLSA minimum wage requirements during Plaintiffs' employment. As such, Defendants' conduct constitutes a willful violation of the FLSA.

39.    Defendants have and continue to willfully violate the FLSA by not paying Plaintiffs the full applicable minimum wage for time spent performing non-tipped labor

related to their tipped occupation in excess of 20% of their regular workweeks, and non-tipped labor unrelated to their tipped occupation over the course of their regular workweeks.

40.   In a given workweek, and during each and every workweek for which Plaintiffs worked for Defendants as tipped employees, Defendants required Plaintiffs to perform a substantial amount of non-tipped labor related to their tipped occupation in excess of 20% of their regular workweek and non-tipped labor unrelated to their tipped occupation over the course of their regular workweek. Defendants paid Plaintiffs less than the overall minimum wage for such work that Plaintiffs performed for Defendants, such that the average of Plaintiff's hourly wages was less than the applicable minimum wage, in willful violation of 29 U.S.C. § 206(a). Defendants required Plaintiffs to perform non-tipped labor related to their tipped occupation in excess of 20% of their regular workweeks and non-tipped labor unrelated to their tipped occupation each and every workweek during which they worked for Defendants.

41.   In a given workweek, Defendants required Plaintiff Carie Kahn to perform, and she did perform, non-tipped labor related to her tipped occupation in excess of 20 percent of her regular workweek, despite being compensated less than the full applicable minimum wage for such time. Such conduct by Defendants violated 29 U.S.C. § 206(a).

42.   In a given workweek, Defendants required Plaintiff Tisha Clark to perform, and she did perform, non-tipped labor unrelated to her tipped occupation during her regular workweek, despite being compensated less than the full applicable minimum wage for such time. Such conduct by Defendants violated 29 U.S.C. § 206(a).

43. Plaintiffs believe and therefore aver that Defendants owe them similar wages for each and every workweek during which they worked for Defendants for the entire duration of their employment. Furthermore, when an employer fails to keep complete and accurate time records, employees may establish the hours worked by their testimony, and the burden of overcoming such testimony shifts to the employer.

44. Defendants engaged in the regular practice of failing to accurately, if at all, record the time during which Defendants suffered or permitted Plaintiffs to work. As such, Defendants' records of Plaintiffs' time worked, if in existence, understate the duration of time each workweek that Defendants suffered or permitted Plaintiffs to work.

45. Pursuant to the FLSA, 29 U.S.C. § 203(m), and Arizona wage and hour law, employers may impose a tip credit on their tipped employees' wages of up $3.00 per hour, on the condition that, among other requirements, such employees have been informed by the employer of the provisions of 29 U.S.C. § 203(m).

46. Defendants failed to inform Plaintiffs of the provisions of 29 U.S.C. § 203(m) at any time over the duration of their employment with Defendants. As such, Defendants were not entitled to impose any tip credit upon Plaintiffs' wages, and Defendants should have therefore paid the full Arizona minimum wage to Plaintiffs for all time Plaintiffs worked during the course of their regular 40-hour workweeks.

47. As such, full minimum wage for such time is owed to Plaintiffs for the entire time they were employed by Defendants.

-12-

THE BENDAU LAW FIRM PLLC
P.O. Box 97066
Phoenix, AZ 85060

48.     Defendants also regularly and consistently required Plaintiffs to work in excess of 40 hours per week and did not pay them one and one half times the applicable regular rate of pay.

49.     As a result of Defendants' failure to pay the applicable overtime rate, Defendants violated the FLSA, 29 U.S.C. § 207.

50.     Defendants also regularly and consistently engaged in the practice of requiring Plaintiffs to clock out and continue working to minimize labor and avoid having to pay overtime wages, such that Plaintiffs' time records understated the amount of time that Plaintiffs actually worked for Defendants.

51.     As a result of Defendants' requirement that Plaintiffs clock out and continue working, Defendants failed to compensate Plaintiffs minimum wage for all hours worked, in violation of 29 U.S.C. § 206(a), and Defendants failed to compensate Plaintiffs proper overtime wages, in violation of 29 U.S.C. § 207.

52.     In a given workweek, Defendants manipulated Plaintiff Carie Kahn's time clock records, such that her time records understated the amount of time that she actually worked for Defendants, thus bringing her regular rate of pay below the applicable minimum wage, in violation of 29 U.S.C. § 206(a).

53.     In a given workweek, Defendants manipulated Plaintiff Tisha Clark's time clock records, such that her time records understated the amount of time that she actually worked for Defendants, thus bringing her regular rate of pay below the applicable minimum wage, in violation of 29 U.S.C. § 206(a).

54.     As such, full minimum wage, as well as any applicable overtime wages, is owed to Plaintiffs for all hours worked off the clock.

55.     Additionally, Defendants misclassified Plaintiffs as tipped employees to avoid paying the applicable minimum wage.

56.     Plaintiff Carie Kahn was paid at the tip credit rate while working as a manager, which is not a tipped occupation. As such, Defendants failed to pay her the applicable minimum wage, in violation of 29 U.S.C. § 206(a).

57.     Plaintiff Tisha Clark was paid at the tip credit rate while working as a cook, which is not a tipped occupation. As such, Defendants failed to pay her the applicable minimum wage, in violation of 29 U.S.C. § 206(a).

58.     Plaintiffs are covered employees within the meaning of the Fair Labor Standards Act ("FLSA").

59.     Plaintiffs were non-exempt employees.

60.     Defendants refused and/or failed to properly disclose to or apprise Plaintiffs of their rights under the FLSA.

61.     Defendants individually and/or through an enterprise or agent, directed and exercised control over Plaintiffs' work and wages at all relevant times.

62.     Due to Defendants' illegal wage practices, Plaintiffs are entitled to recover from Defendants compensation for unpaid wages, an additional amount equal amount as liquidated damages, interest, and reasonable attorney's fees and costs of this action under 29 U.S.C. § 216(b).

**COUNT ONE: FAIR LABOR STANDARDS ACT**
**NON-TIPPED LABOR RELATED TO TIPPED WORK IN EXCESS OF 20%**

63. Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

64. Defendants intentionally failed and/or refused to comply with the FLSA, 29 U.S.C. § 201, *et seq.*, 29 C.F.R. § 531.56(e), and the Department of Labor Field Operations Handbook §30d00(e) by requiring Plaintiffs in a given workweek, and during each and every workweek Plaintiffs were employed by Defendants, to perform non-tipped labor related to their tipped occupation in excess of twenty percent (20%) of their regular 40-hour workweek, while paying Plaintiffs at the tip credit rate.

65. Defendants intentionally failed and/or refused to pay Plaintiffs the full applicable minimum wage according to the provisions of the FLSA for time they spent performing non-tipped labor related to their tipped occupation in excess of twenty percent (20%) of a given workweek, for each and every workweek that Plaintiffs were employed by Defendants, in violation of 29 U.S.C. § 206(a).

66. As such, full applicable minimum wage for such time Plaintiffs performed non-tipped labor related to their tipped occupation in excess of twenty percent (20%) of their regular workweek is owed to Plaintiffs for each and every workweek they were employed by Defendants.

67. Defendants knew that – or acted with reckless disregard as to whether – its failure to pay to Plaintiffs the full applicable minimum wage, without applying the tip credit, for time spent performing labor in such a non-tipped occupation, would violate federal and state law, and Defendants were aware of the FLSA minimum wage requirements during

THE BENDAU LAW FIRM PLLC
P.O. Box 97066
Phoenix, AZ 85060

THE BENDAU LAW FIRM PLLC
P.O. Box 97066
Phoenix, AZ 85060

Plaintiffs' employment. As such, Defendants' conduct constitutes a willful violation of the FLSA.

68.     Plaintiffs are therefore entitled to compensation for the full minimum wage at an hourly rate, to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, reasonable attorney's fees, and costs.

**WHEREFORE**, Plaintiffs, Carie Kahn and Tisha Clark, individually, respectfully requests that this Court grant relief in Plaintiff's favor, and against Defendants Fat Willy's Greenfield, LLC, Fat Willy's Sunland, LLC, Fat Willy's University, LLC, Jason Kafcas, and Christopher Gelenites for compensation for unpaid minimum wages, plus an additional equal amount as liquidated damages, prejudgment and post-judgment interest, reasonable attorney fees, costs, and disbursements of this action, and any additional relief this Court deems just and proper.

## COUNT TWO: FAIR LABOR STANDARDS ACT
## NON-TIPPED LABOR UNRELATED TO TIPPED WORK

69.     Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

70.     Defendants intentionally failed and/or refused to comply with the FLSA, 29 U.S.C. § 201, *et seq.*, 29 C.F.R. § 531.56(e), and the Department of Labor Field Operations Handbook §30d00(e) by requiring Plaintiffs in a given workweek, and during each and every workweek Plaintiffs were employed by Defendants, to perform non-tipped labor unrelated to their tipped occupation over the course of their regular 40-hour workweek, while paying Plaintiffs at the tip credit rate.

71.     Defendants intentionally failed and/or refused to pay Plaintiffs the full applicable minimum wage according to the provisions of the FLSA for time they spent performing non-tipped labor unrelated to their tipped occupation over the course of a given workweek, for each and every workweek that Plaintiffs were employed by Defendants, in violation of 29 U.S.C. § 206(a).

72.     As such, full applicable minimum wage for such time Plaintiffs performed non-tipped labor unrelated to their tipped occupation over the course of their regular workweek is owed to Plaintiffs for each and every workweek they were employed by Defendants.

73.     Defendants knew that – or acted with reckless disregard as to whether – its failure to pay to Plaintiffs the full applicable minimum wage, without applying the tip credit, for time spent performing labor in such a non-tipped occupation, would violate federal and state law, and Defendants were aware of the FLSA minimum wage requirements during Plaintiffs' employment. As such, Defendants' conduct constitutes a willful violation of the FLSA.

74.     Plaintiffs are therefore entitled to compensation for the full minimum wage at an hourly rate, to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, reasonable attorney's fees, and costs.

**WHEREFORE**, Plaintiffs, Carie Kahn and Tisha Clark, individually, respectfully requests that this Court grant relief in Plaintiff's favor, and against Defendants Fat Willy's Greenfield, LLC, Fat Willy's Sunland, LLC, Fat Willy's University, LLC, Jason Kafcas, and Christopher Gelenites for compensation for unpaid minimum wages, plus an additional

equal amount as liquidated damages, prejudgment and post-judgment interest, reasonable attorney fees, costs, and disbursements of this action, and any additional relief this Court deems just and proper.

### COUNT THREE: FAIR LABOR STANDARDS ACT
### FAILURE TO PAY MINIMUM WAGE–NO NOTICE OF TIP CREDIT

75.     Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

76.     Defendants intentionally failed and/or refused to inform Plaintiffs of the provisions of the "tip credit" and 29 U.S.C. § 203(m) and its supporting regulations.

77.     Defendants intentionally failed and/or refused to pay Plaintiffs the full minimum wage according to the provisions of the FLSA for each and every workweek that Plaintiffs worked for Defendants, for the duration of their employment, in violation of 29 U.S.C. § 206(a).

78.     As such, full applicable minimum wage for such time Plaintiffs worked is owed to Plaintiffs for the entire time they were employed by Defendants.

79.      Defendants knew that – or acted with reckless disregard as to whether – their failure to pay to Plaintiffs the full minimum wage over the course of their employment would violate federal and state law, and Defendants were aware of the FLSA minimum wage requirements during Plaintiffs' employment. As such, Defendants' conduct constitutes a willful violation of the FLSA.

80.     Plaintiffs are therefore entitled to compensation for the full minimum wage at an hourly rate, to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, reasonable attorney's fees, and costs.

**WHEREFORE**, Plaintiffs, Carie Kahn and Tisha Clark, individually, respectfully requests that this Court grant relief in Plaintiffs' favor, and against Defendants Fat Willy's Greenfield, LLC, Fat Willy's Sunland, LLC, Fat Willy's University, LLC, Jason Kafcas, and Christopher Gelenites for compensation for unpaid minimum wages, plus an additional equal amount as liquidated damages, prejudgment and post-judgment interest, reasonable attorney fees, costs, and disbursements of this action, and any additional relief this Court deems just and proper.

## COUNT FOUR: FAIR LABOR STANDARDS ACT
## OFF-CLOCK WORK

81.     Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

82.     Defendants also regularly and consistently required Plaintiffs to clock out and continue performing labor.

83.     As a result of Defendants' requirement that Plaintiffs clock out and continue to perform labor, Defendants intentionally failed and/or refused to pay Plaintiffs minimum wage for all hours worked, for the duration of their employment, in violation of 29 U.S.C. § 206(a).

84.     As a result of Defendants' willful failure to compensate Plaintiffs the applicable minimum wage for all hours worked, Defendants violated the FLSA.

85.     As such, full minimum wage is owed for all time spent performing work while off the clock.

86.     Defendants knew that – or acted with reckless disregard as to whether – its failure to pay to Plaintiffs the full minimum wage for time spent performing labor while off

THE BENDAU LAW FIRM PLLC
P.O. Box 97066
Phoenix, AZ 85060

the clock would violate federal and state law, and Defendants were aware of the FLSA minimum wage requirements during Plaintiff's employment. As such, Defendants' conduct constitutes a willful violation of the FLSA.

87.     Defendants have and continue to willfully violate the FLSA by not paying Plaintiffs a wage equal to or greater than minimum wage for time Defendants required Plaintiffs to work while off the clock.

88.     Plaintiffs are therefore entitled to compensation for the difference between wages paid and Arizona's minimum wage at an hourly rate, to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, costs, and reasonable attorney fees.

**WHEREFORE**, Plaintiffs, Carie Kahn and Tisha Clark, individually, respectfully requests that this Court grant relief in Plaintiffs' favor, and against Defendants Fat Willy's Greenfield, LLC, Fat Willy's Sunland, LLC, Fat Willy's University, LLC, Jason Kafcas, and Christopher Gelenites for compensation for unpaid wages, plus an additional equal amount as liquidated damages, prejudgment and post-judgment interest, reasonable attorney fees, costs, and disbursements of this action, and any additional relief this Court deems just and proper.

## COUNT FIVE: FAIR LABOR STANDARDS ACT
## FAILURE TO PAY PROPER OVERTIME RATE

89.     Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

90.     Defendants also regularly and consistently required Plaintiffs to clock out when they reached 40 hours per week to avoid paying overtime.

THE BENDAU LAW FIRM PLLC
P.O. Box 97066,
Phoenix, AZ 85060

91.     As a result of Defendants' failure to pay Plaintiffs one and one half times the applicable regular rate for all hours worked in excess of 40 per week, Defendants intentionally failed and/or refused to pay Plaintiffs the applicable overtime rate for all hours worked for the duration of their employment, in violation of 29 U.S.C. § 207.

92.     As a result of Defendants' willful failure to compensate Plaintiff the applicable overtime rate for all hours worked, Defendants violated the FLSA.

93.     As such, the applicable overtime rate is owed for all hours that Plaintiffs worked in excess of 40 hours per week.

94.     Defendants knew that – or acted with reckless disregard as to whether – its requirement that Plaintiffs clock out yet continue to work to avoid paying overtime would violate federal and state law, and Defendants were aware of the FLSA minimum wage requirements during Plaintiffs' employment. As such, Defendants' conduct constitutes a willful violation of the FLSA.

95.     Defendants have and continue to willfully violate the FLSA by not paying Plaintiffs a wage equal to one and one half times the applicable regular rate of pay for all time Plaintiffs spent working for Defendants.

96.     Plaintiffs are therefore entitled to compensation for the difference between wages paid and the applicable overtime rate for all hours worked in excess of 40 per week at an hourly rate, to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, costs, and reasonable attorney fees.

**WHEREFORE**, Plaintiffs, Carie Kahn and Tisha Clark, individually, respectfully requests that this Court grant relief in Plaintiffs' favor, and against Defendants Fat Willy's

-21-

Greenfield, LLC, Fat Willy's Sunland, LLC, Fat Willy's University, LLC, Jason Kafcas, and Christopher Gelenites for compensation for unpaid overtime wages, plus an additional equal amount as liquidated damages, prejudgment and post-judgment interest, reasonable attorney fees, costs, and disbursements of this action, and any additional relief this Court deems just and proper.

## COUNT SIX: FAIR LABOR STANDARDS ACT
## IMPROPER EMPLOYEE CLASSIFICATION, PLAINTIFF CARIE KAHN

97.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

98.     Defendants classified and paid Plaintiff Carie Kahn as a tipped employee despite the fact that she was a manager performing managerial duties.

99.     Plaintiff Carie Kahn was not a tipped employee whose wages were subject to the tip credit, and therefore Defendants improperly took the tip credit.

100.    As a result of Defendants' improperly taking the tip credit, Defendants intentionally failed and/or refused to pay Plaintiff Carie Kahn the applicable minimum wage for all hours worked up to 40 hours per week, in violation of 29 U.S.C. § 206(a).

101.    As a result of Defendants' willful failure to compensate Plaintiff Carie Kahn the applicable minimum wage for all hours worked up to 40 per week, Defendants violated the FLSA.

102.    As such, the full minimum wage is owed for all hours that Plaintiff Carie Kahn worked up to 40 hours per week.

103.    Defendants knew that – or acted with reckless disregard as to whether – its improper classification of Plaintiff Carie Kahn as a tipped employee would violate federal

THE BENDAU LAW FIRM PLLC
P.O. Box 97066
Phoenix, AZ 85060

1
2
3

and state law, and Defendants were aware of the FLSA minimum wage requirements during Plaintiff Carie Kahn's employment. As such, Defendants' conduct constitutes a willful violation of the FLSA.

4
5
6
7

104.   Defendants have and continue to willfully violate the FLSA by not paying Plaintiff Carie Kahn a wage equal to or greater than the applicable minimum wage for all time Plaintiff Carie Kahn spent working for Defendants.

8
9
10
11
12

105.   Plaintiff Carie Kahn is therefore entitled to compensation for the difference between wages paid and the applicable minimum wage for all hours worked up to 40 per week at an hourly rate, to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, costs, and reasonable attorney fees.

13
14
15
16
17
18
19

**WHEREFORE**, Plaintiff, Carie Kahn, individually, respectfully requests that this Court grant relief in her favor, and against Defendants Fat Willy's Greenfield, LLC, Fat Willy's Sunland, LLC, Fat Willy's University, LLC, Jason Kafcas, and Christopher Gelenites for compensation for unpaid minimum wages, plus an additional equal amount as liquidated damages, prejudgment and post-judgment interest, reasonable attorney fees, costs, and disbursements of this action, and any additional relief this Court deems just and proper.

20
21

### COUNT SEVEN: FAIR LABOR STANDARDS ACT
### IMPROPER EMPLOYEE CLASSIFICATION, PLAINTIFF TISHA CLARK

22
23

106.   Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

24
25
26

107.   Defendants classified and paid Plaintiff Tisha Clark as a tipped employee despite the fact that she was a cook performing a cook's duties.

27

THE BENDAU LAW FIRM PLLC
P.O. Box 97066
Phoenix, AZ 85060

108.    Plaintiff Tisha Clark was not a tipped employee whose wages were subject to the tip credit, and therefore Defendants improperly took the tip credit.

109.    As a result of Defendants' improperly taking the tip credit, Defendants intentionally failed and/or refused to pay Plaintiff Tisha Clark the applicable minimum wage for all hours worked up to 40 hours per week, in violation of 29 U.S.C. § 206(a).

110.    As a result of Defendants' willful failure to compensate Plaintiff Tisha Clark the applicable minimum wage for all hours worked up to 40 per week, Defendants violated the FLSA.

111.    As such, the full minimum wage is owed for all hours that Plaintiff Tisha Clark worked up to 40 hours per week.

112.    Defendants knew that – or acted with reckless disregard as to whether – its improper classification of Plaintiff Tisha Clark as a tipped employee would violate federal and state law, and Defendants were aware of the FLSA minimum wage requirements during Plaintiff Tisha Clark's employment. As such, Defendants' conduct constitutes a willful violation of the FLSA.

113.    Defendants have and continue to willfully violate the FLSA by not paying Plaintiff Tisha Clark a wage equal to or greater than the applicable minimum wage for all time Plaintiff Tisha Clark spent working for Defendants.

114.    Plaintiff Tisha Clark is therefore entitled to compensation for the difference between wages paid and the applicable minimum wage for all hours worked up to 40 per week at an hourly rate, to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, costs, and reasonable attorney fees.

THE BENDAU LAW FIRM PLLC
P.O. Box 97066
Phoenix, AZ 85060

**WHEREFORE**, Plaintiff, Tisha Clark, individually, respectfully requests that this Court grant relief in her favor, and against Defendants Fat Willy's Greenfield, LLC, Fat Willy's Sunland, LLC, Fat Willy's University, LLC, Jason Kafcas, and Christopher Gelenites for compensation for unpaid minimum wages, plus an additional equal amount as liquidated damages, prejudgment and post-judgment interest, reasonable attorney fees, costs, and disbursements of this action, and any additional relief this Court deems just and proper.

### COUNT EIGHT: FAIR LABOR STANDARDS ACT
### FAILURE TO PAY FINAL PAYCHECK, PLAINTIFF TISHA CLARK

115.    Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

116.    Plaintiff Tisha Clark ended her employment with Defendants on approximately November 27th, 2015.

117.    Defendants failed to pay Plaintiff Tisha Clark her final paycheck.

118.    As a result of Defendants' failure to pay Plaintiff Tisha Clark's final paycheck, Defendants intentionally failed and/or refused to pay Plaintiff Tisha Clark the applicable minimum wage for all hours worked up to 40 hours per week for approximately her final two weeks of work, in violation of 29 U.S.C. § 206(a).

119.    As a result of Defendants' willful failure to compensate Plaintiff Tisha Clark the applicable minimum wage for all hours worked up to 40 per week for approximately her final two weeks of work, Defendants violated the FLSA.

120.    As such, the full minimum wage is owed for all hours that Plaintiff Tisha Clark worked up to 40 hours per week in approximately her final two weeks of work.

121.    Defendants knew that – or acted with reckless disregard as to whether – its failure to pay Plaintiff Tisha Clark the applicable minimum wage would violate federal and state law, and Defendants were aware of the FLSA minimum wage requirements during Plaintiff Tisha Clark's employment. As such, Defendants' conduct constitutes a willful violation of the FLSA.

122.    Defendants have and continue to willfully violate the FLSA by not paying Plaintiff Tisha Clark a wage equal to or greater than the applicable minimum wage for all hours during approximately the final two weeks Plaintiff Tisha Clark spent working for Defendants.

123.    Plaintiff Tisha Clark is therefore entitled to compensation for the difference between wages paid and the applicable minimum wage for all hours worked up to 40 per week at an hourly rate, to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, costs, and reasonable attorney fees.

**WHEREFORE**, Plaintiff, Tisha Clark, individually, respectfully requests that this Court grant relief in her favor, and against Defendants Fat Willy's Greenfield, LLC, Fat Willy's Sunland, LLC, Fat Willy's University, LLC, Jason Kafcas, and Christopher Gelenites for compensation for unpaid minimum wages, plus an additional equal amount as liquidated damages, prejudgment and post-judgment interest, reasonable attorney fees, costs, and disbursements of this action, and any additional relief this Court deems just and proper.

### COUNT NINE: ARIZONA WAGE ACT
### FAILURE TO PAY MINIMUM WAGE

124.    Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

THE BENDAU LAW FIRM PLLC
P.O. Box 97066
Phoenix, AZ 85060

125.    As alleged in Counts One through Eight, Defendants regularly and consistently failed and/or refused to compensate Plaintiffs at the applicable Arizona minimum wage rate for all hours worked, during each and every workweek during which Plaintiffs worked for Defendants.

126.    As a result of Defendants' failure and/or refusal to pay Plaintiffs minimum wage for all hours worked during each and every workweek of their employment with Defendants, Defendants violated ARS § 23-363.

127.    As a result of Defendants' willful failure to compensate Plaintiffs the applicable Arizona minimum wage for all hours worked, Defendants violated the Arizona Wage Act.

128.    As such, the full applicable Arizona minimum wage is owed to Plaintiffs for each and every workweek that Plaintiffs worked for Defendants.

129.    Defendants knew that – or acted with reckless disregard as to whether – its failure to pay to Plaintiffs the full minimum wage for time spent working for Defendants would violate federal and state law, and Defendants were aware of the Arizona minimum wage requirements during Plaintiffs' employment. As such, Defendants' conduct constitutes a willful violation of the Arizona Wage Act.

130.    Defendants have and continue to willfully violate the Arizona Wage Act by not paying Plaintiffs a wage equal to or greater than minimum wage.

131.    Plaintiffs are therefore entitled to compensation for the difference between wages paid and Arizona's minimum wage at an hourly rate, to be proven at trial, plus an

additional amount equal to twice the unpaid wages as liquidated damages, together with interest, costs, and reasonable attorney fees.

**WHEREFORE**, Plaintiff, Carie Kahn and Tisha Clark, individually, respectfully requests that this Court grant relief in Plaintiff's favor, and against Defendants Fat Willy's Greenfield, LLC, Fat Willy's Sunland, LLC, Fat Willy's University, LLC, Jason Kafcas, and Christopher Gelenites for compensation for unpaid minimum wages, plus an amount equal to twice the unpaid wages as liquidated damages, prejudgment and post-judgment interest, reasonable attorney fees, costs, and disbursements of this action, and any additional relief this Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

RESPECTFULLY SUBMITTED this 22nd day of March, 2016.

THE BENDAU LAW FIRM, PLLC

By: /s/ *Clifford P. Bendau, II*
Clifford P. Bendau, II
*Attorney for Plaintiff*